UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BAHRI TEKLEMARIAM SEMERE,

Petitioner,

v.

JEREMY CASEY, Warden of Imperial Regional Detention Center; PATRICK DIVVER, San Diego Field Office Director, Immigration and Customs Enforcement and Removal Operations; TODD LYONS, Acting Director of Immigration Customs Enforcement; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; ACTING ATTORNEY GENERAL OF THE UNITED STATES; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondents.

Case No.:  3:26-cv-03073-LEK-DDL

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE**

Before the Court is Petitioner Bahri Teklemariam Semere's ("Petitioner") Petition for Writ of Habeas Corpus and Order to Show Cause ("Petition"), filed on May 16, 2026. [Dkt. no. 1.] Respondents Jeremy Casey, Warden of Imperial Regional Detention Center; Patrick Divver, San Diego Field Office Director, Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"); Todd Lyons, Acting Director of Immigration and Customs Enforcement ("ICE"); Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"); Acting Attorney General of the United States; U.S. Department of Homeland Security; and U.S. Immigration and Customs Enforcement (collectively, "Respondents") filed a Response to Petition

("Response") on May 22, 2026.[1] [Dkt. no. 4.] On May 25, 2026, Petitioner filed a Traverse to Petition for Writ of Habeas Corpus ("Traverse"). [Dkt. no. 5.]

The Petition is granted for the reasons set forth below.

## BACKGROUND

Petitioner is a citizen of Eritrea. [Petition at ¶ 1.] He entered the United States on February 18, 2023 and was detained at the border. [Id. at ¶¶ 1-2.] Petitioner stated his intent to seek asylum, and it was determined that he was neither a flight risk nor a danger to the community. Petitioner was granted conditional parole and released on his own recognizance. See id. at ¶ 2.

Petitioner applied for asylum within one year after he entered the United States. [Id. at ¶ 43.] He also obtained work authorization. [Id. at ¶ 44.]

On October 30, 2025, at an ICE check-in, Petitioner was arrested and detained. He was not provided with any documents regarding his arrest, and there was no determination that he had become either a flight risk or danger to the community. See id. at ¶ 45. Petitioner was initially detained at a detention facility in Baltimore, and he was later transferred to a detention facility in Florida. See id. at ¶ 5. On May 9, 2026, Petitioner was transported from Florida to California and placed in the Imperial Regional Detention Center. See id. He was still in custody at the Imperial Regional Detention Center when he filed the Petition. See id. at ¶¶ 17-18.

Petitioner asks the Court to, inter alia: 1) assume jurisdiction over this matter; 2) issue a declaratory judgment that Petitioner's detention without a prior individualized determination is unlawful; 3) issue a writ of habeas corpus ordering Respondents to release Petitioner from custody; 4) issue an order prohibiting Respondents from enrolling Petitioner in any Alternative to Detention Program; and 5) order any other appropriate relief. See id. at pgs. 19-20. Petitioner also requests that

---

[1] The individual Respondents are sued in their official capacities. See Petition at ¶ 25.

the Court "order that any documents taken from Mr. Semere upon his detention be returned upon his release." [Traverse at 4.]

## STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to Title 28 United States Code Section 2241. See 28 U.S.C. § 2241(a); Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. See 8 U.S.C. § 1252(a)(1), (5); see also Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process – for example, a claim of indefinite detention – federal habeas corpus jurisdiction remains in the district court. Alvarez v. Sessions, 338 F. Supp. 3d 1042, 1047-48 (N.D. Cal. 2018) (citations omitted); see also Nadarajah v. Gonzales, 443 F.3d 1069, 1076 (9th Cir. 2006).[2]

## DISCUSSION

Respondents state "that Petitioner is subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)." [Response at 2.] Respondents, however, "acknowledge[] that this Court, and Courts in this District, have repeatedly reached the opposite conclusion under the same and/or similar facts." [Id. (collecting cases).] Respondents, therefore, "do[] not oppose the petition and defer[] to the Court on the appropriate relief." [Id. at 3.]

The Due Process Clause of the Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment – from government custody, detention, or other

---

[2] Nadarajah was abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018), as recognized by Esquivel-Ipina v. LaRose, 812 F. Supp. 3d 1073, 1077 (S.D. Cal. 2025).

forms of physical restraint – lies at the heart of the liberty that Clause protects." <u>Zadvydas v. Davis</u>, 533 U.S. 678, 690 (2001) (citation omitted). This protection applies to noncitizens as it does to United States citizens. <u>See</u> <u>Wong Wing v. United States</u>, 163 U.S. 228, 238 (1896) ("[E]ven aliens shall not . . . be deprived of life, liberty or property without due process of law."). "Courts have previously found that individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond." <u>Valencia Zapata v. Kaiser</u>, Case No. 25-cv-07492-RFL, 2025 WL 2578207, at *3 (N.D. Cal. Sept. 5, 2025) (collecting cases). "Although in some circumstances the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if they fail to live up to the . . . conditions of release.'" <u>Pinchi v. Noem</u>, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (some alterations in <u>Pinchi</u>) (brackets omitted) (quoting <u>Morrissey v. Brewer</u>, 408 U.S. 471, 482, 92 S. Ct. 2593 (1972)).

In <u>Noori v. LaRose</u>, 807 F. Supp. 3d 1146 (S.D. Cal. 2025), this district court ruled that the respondents violated the petitioner's Fifth Amendment due process rights when the respondents revoked the petitioner's parole by sending a mass, generic notification one morning and arresting the petitioner later that day at his immigration hearing. <u>Id.</u> at 1155, 1166. This district court concluded that the petitioner had "a protectable expectation of his due process rights in his removal proceedings and the fair procedures this country guarantees. . . . Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination." <u>Id.</u> at 1165.

In the instant action, Petitioner received even less due process than the petitioner in <u>Noori</u>. Petitioner received no notification or individualized reason as to why his bond was being revoked before he was summarily detained on October 30, 2025. <u>See</u> Petition at ¶ 45. Nor have Respondents explained, even after they filed the Response, what circumstances have changed to warrant Petitioner's re-detention. Providing

Petitioner a bond hearing now would not remedy the Fifth Amendment violation he has already experienced. Only release from detention can accomplish that now.[3]

## **CONCLUSION**

For the foregoing reasons, Petitioner Bahri Teklemariam Semere's Petition for Writ of Habeas Corpus and Order to Show Cause, filed May 16, 2026, is GRANTED.

Respondents are ORDERED to immediately release Petitioner from custody under the same conditions which existed immediately prior to Petitioner's detention on October 30, 2025, except as specified below, and to return Petitioner's belongings, including his identification documents, immediately upon his release. Further, Respondents are ENJOINED AND RESTRAINED from: re-detaining Petitioner unless Respondents demonstrate, by clear and convincing evidence at a pre-deprivation hearing before a neutral decisionmaker, that Petitioner presents a flight risk or danger to the community such that his physical custody is legally justified; and from placing Petitioner in an Alternative to Detention program and from placing an ankle monitor on Petitioner upon his release.

The parties are ORDERED to file a joint status report by **June 3, 2026**, confirming that Petitioner has been released and that his identification documents have been returned.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 27, 2026.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

---

[3] The Court need not address Petitioner's claim arising under the Administrative Procedures Act, Title 5 United States Code Section 706(2)(A), [Petition at pgs. 13-15,] because the Petition can be resolved on due process grounds.

3:26-cv-03073-LEK-DDL